UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES CAVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1144** |
| **MICHAEL J. ASTRUE, COMMISSIONER**<br>**SOCIAL SECURITY ADMINISTRATION** | **SECTION "J" (3)** |

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED for proceedings consistent with this recommendation.

**I.      BACKGROUND**

Plaintiff filed an application for SSI on May 29, 2009, alleging a disability onset date of October 13, 2003. (Adm. Rec. at 16, 130). Plaintiff alleged disability due to back pain, specifically "Ddd, fell 30 ft now disc compress, teflon pad temporal left." (*Id.* at 129). Plaintiff, born on May 7, 1958, was 45 years old on the date on which he alleged disability and 52 years old at the time of the final administrative decision. (*Id.* at 126). Plaintiff has a high-school education and past

relevant work experience as a carpenter. (*Id.* at 25).

Defendant initially denied plaintiff's application on October 12, 2009. (*Id.* at 16). Plaintiff sought an administrative hearing, which defendant held on August 11, 2010. (*Id.* at 31-45). Plaintiff and a vocational expert ("VE"), Mr. Menere, testified at the hearing.

On November 15, 2010, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 16-26). In the decision, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease and anxiety disorder with insomnia due to pain. (*Id.* at 18). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 19). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work activity except that he: can only occasionally climb, balance, stoop, kneel, crouch and crawl; and can understand, remember and carry out only simple instructions compatible with unskilled work. (*Id.* at 21). He concluded that plaintiff is unable to perform any past relevant work. (*Id.* at 25). Relying on the testimony of the VE, the ALJ determined that plaintiff can perform other work existing in significant numbers in the national economy. (*Id.*). Specifically, the ALJ concluded that plaintiff can perform the jobs of janitor or cleaner, housekeeping/cleaner, food preparation worker, dishwasher and counter attendant – cafeteria/food concession/coffee shop. (*Id.* at 26). The ALJ thus denied plaintiff's application for SSI. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 10). On November 21, 2011, the Appeals Council denied plaintiff's request. (*Id.* at 1-4).

Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the

Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians;

(3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**IV.     ISSUES ON APPEAL**

While both parties frame the issues differently, the Court finds that there is only one issue on appeal, as framed by plaintiff:

>   (1)     Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.

**V.      ANALYSIS**

**1.     Whether the ALJ failed to accord the proper weight to the opinions of plaintiff's treating physicians.**

It is well settled that the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) (citing *Barajas v. Heckler,* 738 F.2d 641, 644 (5th Cir. 1984)); *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981); *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981); *Fruge v. Harris*, 631 F.2d 1244, 1246 (5th Cir. 1980).  There are exceptions to this principle.  The ALJ may give less weight to a treating physician's opinion when "there is good cause shown to the contrary," *Perez*, 653 F.2d at 1001; *Smith*, 646 F.2d at 1081; *Fruge*, 631 F.2d at 1246, as is the case when his statement as to disability is "so brief and conclusory that it lacks strong persuasive weight," *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980); *see also Oldham v. Schweiker*, 660 F.2d 1078, 1084–85 (5th Cir. 1981), when it is not supported by medically acceptable clinical laboratory diagnostic

techniques, 20 C.F.R. § 404.1526 (1985), or when it is otherwise unsupported by the evidence. *E.g., Warncke*, 619 F.2d at 417; *Oldham*, 660 F.2d at 1084.  The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is "leaning over backwards to support the application for disability benefits." *Scott*, 770 F.2d at 485 (citing *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir.1982)). However, an ALJ can not reject a medical opinion without an explanation.  *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) (citing *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980)); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979).

Noting that the ALJ concluded that plaintiff can perform light work, which requires standing six hours of an eight-hour workday, plaintiff argues that no treating or examining physician has agreed with this finding.  Plaintiff points to the evaluation of his treating physician, Dr. Samuel Greenberg, who, after evaluating him, opined that he can not stand/walk six hours of an eight-hour workday.  Plaintiff argues that there is no evidence – and certainly no objective medical opinion – to support the ALJ's conclusion that he can stand/walk six hours of an eight-hour workday.  Plaintiff maintains that the ALJ substituted his own medical opinion for that of his treating physician.

The ALJ concluded that Greenberg's finding were not "in accordance with the objective and clinical evidence as discussed in this decision."  (Adm. Rec. at 23).  And defendant points to evidence in the record and in the administrative decision to support this finding.  Specifically, defendant cites the opinion of Dr. Miljana Mandich, who performed a thorough physical examination that revealed only a slight decrease in extension of his cervical and thoracolumbar spines, but otherwise normal ranges of motion.  (*Id.* at 251).  Plaintiff walked without difficulty and

did not require the use of an assistive device, was able to get in and out of the chair and on and off the examination table on his own, had a normal gait and posture, could walk on his heels and toes, could squat and rise without support, and had a negative straight leg test bilaterally. (*Id.* at 255). Mandich noted that plaintiff's muscle bulk, tone, and strength were "preserved" in all four extremities, and that plaintiff had normal sensation and reflexes, and normal deep tendon reflexes. (*Id.* at 256).

Notwithstanding this evidence before the ALJ, this Court finds that the recent Fifth-Circuit opinion in *Williams v. Astrue* controls here. 355 Fed. Appx. 828, 831-32 (5th Cir. 2009). In *Williams*, the ALJ rejected the findings of the treating physicians. *Id.* at 829. On appeal, the Fifth Circuit reversed, holding:

> Assuming that the ALJ was entitled to not give these physicians' opinions controlling weight, there is still no evidence supporting the ALJ's finding that Williams can stand or walk for six hours in an eight-hour workday. In his findings, the ALJ appeared to base this RFC finding on two groups of evidence. First, the ALJ looked at the available objective medical evidence, and observed that she has "only mild to moderate stenosis" in her lumbar spine and "only posterior spurring" in her cervical spine. But there is no evidence to suggest that Williams could perform light work with these conditions. Second, the ALJ noted that Williams had undergone apparently successful physical therapy, restoring a significant amount of her range of motion. However, the ALJ failed to consider the physical therapy discharge summary, which stated that Williams – despite improving her range of motion in physical therapy – could still only stand for thirty minutes after completing her treatment.
> This evidence did not support the ALJ's finding that Williams was able to stand or walk for six hours in an eight-hour workday. Indeed, the physical therapy discharge summary directly contradicts the ALJ's finding. Thus, the ALJ impermissibly relied on his own medical opinions as to the limitations presented by "mild to moderate stenosis" and "posterior spurring" to develop his factual finding. We therefore conclude the ALJ's findings regarding Williams's RFC were not supported by substantial evidence. *See Ripley v. Chater*, 67 F.3d 552, 557–58 (5th Cir. 1995).

*Id.* at 831-32 (footnotes omitted).  Earlier, in *Ripley* – relied on by the panel in *Williams* – the Fifth Circuit had held that an ALJ may not – without opinions from medical experts – derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, it concluded that an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions.  *See Ripley*, 67 F.3d at 557.

Here, neither the ALJ nor defendant points this Court to any objective medical opinion to support the finding that plaintiff can stand/walk six hours of an eight-hour workday.  While there may be evidence in the record to support the ALJ's other conclusions, defendant simply can not escape the fact that an opinion of a medical expert to support his finding here is utterly lacking from the record.  The only opinion on the limitation to standing and walking in the record is that of Greenberg, who opined that plaintiff can only stand/walk two hours of an eight-hour workday.  The ALJ relied on the objective medical evidence to come to his own conclusion as to the limitations presented by plaintiff's medical conditions.  Under *Williams* and *Ripley*, this he can not do.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's Cross-Motion be DENIED and that plaintiff's case be REMANDED for proceedings consistent with this recommendation.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after

being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).  A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of April, 2013.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**