UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES CAVIN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-1144** |
| **MICHAEL J. ASTRUE**<br>**COMMISSIONER OF SOCIAL SECURITY**<br>**ADMINISTRATION** | **SECTION "J" (3)** |

### ORDER

Before the Court is a Petition for Attorney's Fees [Doc. #20] filed by plaintiff, Charles Cavin, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is unopposed. For the reasons stated below, it is ORDERED that the motion be GRANTED IN PART, in that the Commissioner is ordered to pay attorney's fees in the amount of $3,718.75 (21.25 hours at $175.00 per hour).[1]

**I.   The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of Section 405(g) – such as occurred here – qualifies as a prevailing party for

---

[1]   Plaintiff does not seek costs in his petition.

purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).[2]

Plaintiff asks the Court for an award of $4,370.00 in attorney's fees under the EAJA for 23.25 hours of work performed at a rate of $184.00 per hour. The Court has reviewed the number of hours claimed and finds them – for the most part – to be reasonable. The hours expended by plaintiff here to obtain judgment against defendant are similar to those expended by plaintiff's counsel in *Ramos v. Social Security Administration*, Civ. A. No. 11-1457, 2012 WL 3637868, *3 (E.D. La. Aug. 23, 2012), and *Thibodeaux v. Astrue*, 914 F. Supp. 2d 789 (E.D. La. 2012), and approved by this Court. This Court, however – and despite no objection from the government – also agrees with the *Ramos* and *Thibodeaux* courts that an award for three hours to draft and file a near-identical EAJA pleading is unreasonable. *Id.* Accordingly, the Court will reduce the hourly award to 21.25 hours.

## II.     Hourly Rate

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $184.00. For the following reasons, the Court finds that such an hourly rate is inappropriate under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services

---

[2] Defendant does not address this burden as it did not file an opposition.

>furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district and within this state have often declined to award EAJA fees in excess of $125 per hour. *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same). Only recently has this federal court awarded an hourly rate higher than $125. *See Thibodeaux*, 914 F. Supp. 2d at 793 (awarding hourly rate of $160 under the EAJA); *Ramos v. Astrue,* Civ. A. No. 11-1457, 2012 WL 3637868, *2 (E.D. La. Aug. 23, 2012) (awarding hourly rate of $150 under the EAJA); *Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (awarding hourly rate of $160.00 under the EAJA); *Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (same).[3]

---

[3] There is a plethora of more recent case law from the Western and Middle Districts of Louisiana but scant law from this district. The case law from the other Louisiana federal districts appears to follow *Brown v. Astrue* in their award of hourly rates under the EAJA. *See, e.g., Dauntain v. Comm'r of Social Sec.*, Civ. A. No. 07-CV-1532, 2009 WL 1010211 (W.D. La. Apr. 11, 2009) (following *Brown* and awarding hourly rate of $150

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. According to the Court's calculation, the cost of living in this area increased approximately 47.5 percent between March 1996, when Congress implemented the $125 cap, and November 2012, the mid-point of the year during which the majority of the instant services were rendered. *See, e.g., Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[4] This change is not insignificant. Increasing

---

under EAJA).

[4]  In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the CPI for March 1996, the year in which the $125 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C-08-187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then-current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id.*
In this suit, the CPI in March 1996 was 155.7. The CPI in November 2012 – the mid-

the $125 statutory cap by 47.5 percent would result in an hourly rate of approximately $184.38. Absent other circumstances, however, the original $125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $184.38 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted).

After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court is inclined to implement an hourly rate of $175.00 per hour for this EAJA petition and those filed in the near future. *See Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept.9, 2008) (settling on an hourly rate of $150); *see also Thibodeaux*, 914 F. Supp. 2d at 793 (awarding hourly rate of $160 under the EAJA)*; Williams v. Astrue*, 2011 WL 5417116 (E.D. La. Oct. 14, 2011) (Knowles, M.J., adopted by Berrigan, J.) (awarding hourly rate of $160.00 under the EAJA). Accordingly, the Court recommends an attorney-fee award in the amount of $3,718.75 (21.25 hours at $175.00/hour).[5]

---

point for the services rendered here – was 229.6. Accordingly, this reflects an increase of 47.5% (229.6-155.7/155.7).

[5] In the past, the Commissioner has objected to the payment of the EAJA award directly to counsel given the holding in *Astrue v. Ratliff*, 560 U.S. 586 (2010). There, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States. However, since *Ratliff*, district courts have held that the EAJA award may be awarded directly to the attorney as long as the government has the ability to offset any debt owed to it or if the plaintiff owes no debt to the government. *See Gors v. Colvin*, Civ. No. 12-4162, 2013 WL 960230, *3 (D.S.D. Mar. 12, 2013); *Meyer v. Astrue*, Civ. No. 09-3205, 2011 WL 4036398, *3 (D. Minn. Aug. 25, 2011). Because the Commissioner filed no opposition here, the Court will assume that Cavin owes no debt to the government, and, because he assigned the award of EAJA fees to counsel, that payment to counsel is appropriate here.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Petition for Attorney's Fees be GRANTED IN PART, in that the Commissioner is ordered to pay attorney's fees in the amount of $3,718.75 (21.25 hours at $175.00 per hour).

New Orleans, Louisiana, this 2nd day of January, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**